UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MICHEAL CANNON,<br><br>   Plaintiff,<br><br>v.<br><br>BEDFORD COUNTY,<br><br>   Defendant. | )<br>)<br>)<br>)  No. 4:19-CV-014-HSM-CHS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff, an inmate in the Bedford County Jail, filed a a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 that is proceeding as to his claims that Defendant denied him a mattress and recreation time pursuant to a custom or policy [Doc. 5 p. 4–5]. Defendant has filed a motion to dismiss and for summary judgment [Doc. 19] and supporting memorandum [Doc. 20]. Defendant has also filed affidavits from its counsel and Bedford County Jail Administrator Mary West [Docs. 19-1 and 19-2], the intake sheet from Plaintiff's entry into Bedford County Jail [Doc. 19-3], excerpts from Plaintiff's deposition [Doc. 19-4], and a copy of its discovery requests [Doc. 19-5] in support of this motion. Plaintiff has not responded to the motion, and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. Accordingly, for the reasons set forth below, this motion [Doc. 19] will be **GRANTED** and this action will be **DISMISSED**.

  **I.  FAILURE TO COMPLY WITH COURT ORDER**

On August 30, 2019, Defendant filed a motion to compel discovery, for sanctions, or to modify the case management order asserting that Plaintiff failed to provide responses to discovery

requests and refused to attend his deposition despite counsel agreeing to two extensions of time for Plaintiff to file discovery responses, Plaintiff agreeing that he would bring his responses to his deposition scheduled on August 30, 2019, Plaintiff stating that he had no objection to Defendant taking his deposition on that date, and counsel for Defendant traveling to Shelby County Jail to obtain Plaintiff's discovery responses and take Plaintiff's deposition [Docs. 15 and 15-3 p. 1–2].

On September 17, 2019, the Court entered an order granting this motion in part to the extent that it provided Defendant thirty days from the date of entry of the order to complete all discovery methods listed in Rule 26(a), provided Plaintiff ten days from the date of entry of the order to provide Defendant with responses to Defendant's discovery requests, and notified Plaintiff that if he did not timely respond to Defendant's discovery requests and participate in any deposition Defendant properly scheduled, this case would be dismissed [Doc. 18].

However, in support of its motion to dismiss and for summary judgment filed October 22, 2019, Defendant filed an affidavit from counsel indicating that although counsel notified Plaintiff of the Court's relevant order requiring Plaintiff to respond to discovery and resent those discovery requests to Plaintiff after the Court entered this order, Plaintiff still has not provided counsel with responses thereto, though he did appear for a deposition on September 30, 2019 [Doc. 19-1]. Defendant therefore seeks to dismiss this action based on this assertion [Doc. 19].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal . . . .

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

All relevant factors weigh in favor of dismissal of this case. Specifically, the record establishes that: (1) Plaintiff's failure to respond to Defendant's discovery requests or otherwise communicate with the Court was due to willfulness;[1] (2) Defendant was at least arguably harmed by this failure as Plaintiff's responses to discovery could have assisted counsel in preparing for Plaintiff's deposition [Doc. 19-5], including Plaintiff allegations that he had filed grievances regarding his claims [*Id.* at 3; Doc. 19-4 p. 10–12]; (3) the Court warned Plaintiff that failure to comply with its previous order would result in dismissal [Doc. 18 p. 3]; and (4) as Plaintiff is a prisoner proceeding *in forma pauperis* in this matter [Doc. 4], no other sanctions would be effective. Thus, dismissal of this action under Rule 41(b) is appropriate.

Regardless, as Defendant has also set forth proof that it is entitled to summary judgment on the merits of Plaintiff's claims, the Court will also address this undisputed evidence.

## II.     MOTION FOR SUMMARY JUDGMENT

### A.  STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

---

[1] Plaintiff stated in his deposition on September 30, 2019, that he did not respond to Defendant's discovery requests because he "needed an attorney" and did not understand some of the questions [Doc. 19-4 p. 2]. However, while Plaintiff did file a previous motion for counsel [Doc. 17] that the Court denied on September 17, 2019, after applying the relevant standard in the same order in which it granted Defendant's discovery motion [Doc. 18 p. 2–3], nothing in this motion indicated that Plaintiff did not understand Defendant's discovery requests [Doc. 17]. Moreover, these allegations do not explain why Plaintiff did not respond to the discovery requests he did understand or otherwise seek relief from the Court. Thus, this allegation does not excuse Plaintiff's total lack of response.

3

the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

### B. ANALYSIS

In its memorandum in support of its motion for summary judgment, Defendant asserts that it is entitled to summary judgment on Plaintiff's claims regarding denial of a mattress and recreation time because Plaintiff admitted in his deposition that he received a mattress at his intake into the Bedford County Jail, only slept on the floor for six to eight days total while in the jail, and had time out of his cell to exercise, and Ms. West's testimony established that any denial of outdoor recreation was due to penological concerns [Doc. 20].[2]

---

[2] Defendant also asserts that it is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies at the jail prior to filing his lawsuit in its motion for summary

First, while Plaintiff originally alleged that he was denied a mattress [Doc. 2 p. 3] and the Court allowed this claim to proceed [Doc. 5 p. 5], Defendant has set forth undisputed evidence that Plaintiff received a mattress at his intake into the Bedford County Jail [Doc. 19-4 p. 3–4]. While Plaintiff also stated in his deposition that he slept on the floor on a mattress for a total of six to eight days while in the jail [*Id.* at 7–9], this allegation was not in Plaintiff's complaint [Doc. 2]. Nevertheless, any such allegation does not rise to the level of a constitutional violation. *Rishton v. Sullivan Cty. Sheriff's Dep't*, No. 2:07-CV-78, 2010 WL 1257989, at *3 (E.D. Tenn. Mar. 25, 2010) (holding that "[a] prisoner has no right to sleep on an elevated bed") (internal citations omitted); *Hubbard v. Taylor,* 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation). As such, Defendant is entitled to summary judgment on this claim.

Likewise, while Plaintiff originally claimed that he was not allowed any recreation time in Bedford County Jail [Doc. 2 p. 3], and the Court allowed this claim to proceed in this case [Doc. 5 p. 5], Plaintiff admitted in his deposition that he has had opportunities to work out, breathe, and get some sun while he is housed in Bedford County Jail, but asserted that he did not get to go to an outside "rec yard" [Doc. 19-4 p. 11–12]. This testimony is corroborated by Ms. West's affidavit, which provides proof that Plaintiff had virtually unlimited opportunities for exercise and recreational activities in the blocks in which he was housed at the Bedford County Jail, but that officials at Bedford County Jail had limited inmates' access to outdoor recreational time due to weather, availability of personnel, and the fact that people had thrown contraband items into the outdoor recreational yard and thereby caused security concerns [Doc. 19-2 p. 2].

---

judgment [Docs. 19 and 20]. As it is apparent that Defendant is entitled to summary judgment on the merits of Plaintiff's claims, however, the Court will not reach this argument.

Again, Plaintiff's allegation in his deposition that he did not receive outdoor recreation is not fairly asserted in his complaint [Doc. 2]. Even if the Court could plausibly infer that Plaintiff's allegation in his complaint that he did not get any recreation time was sufficient to assert such a claim, however, the undisputed evidence before the Court establishes that any denial of outdoor recreation time has not violated Plaintiff's constitutional rights.

The Eighth Amendment entitles prisoners to sufficient exercise to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). The Sixth Circuit has not set a minimum amount of recreation time that is required. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995). Instead, it has held that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" *Id.* (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

As Defendant has set forth undisputed proof that Plaintiff has had sufficient exercise and recreational opportunities during his time in the Bedford County, Defendant is entitled to summary judgment on this claim as well.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss and for summary judgment [Doc. 19] will be **GRANTED** and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE